J.S43045/14

2014 PA Super 252

COMMONWEALTH OF PENNSYLVANIA,   :    IN THE SUPERIOR COURT OF
                      :         PENNSYLVANIA
          Appellee     :
                      :
          v.          :
                      :
IAN THOMAS SEAGRAVES,       :
                      :
         Appellant    :    No. 2758 EDA 2013

Appeal from the Judgment of Sentence September 20, 2013
In the Court of Common Pleas of Monroe County
Criminal Division No(s).: CP-45-CR-0000298-2009

BEFORE: GANTMAN, P.J., ALLEN, and FITZGERALD,[*] JJ.

DISSENTING OPINION BY FITZGERALD, J.:    **FILED NOVEMBER 06, 2014**

I respectfully dissent. While Appellant argues the trial court erred in focusing solely on decertification factors, his Pa.R.A.P. 2119(f) statement also avers the court abused its discretion in failing to consider properly mitigating factors due to his status as a juvenile. In **Commonwealth v. Batts**, 620 Pa. 115, 66 A.3d 286 (2013), our Supreme Court discussed **Miller v. Alabama**, ___ U.S. ___, 132 S.Ct. 2455, 183 L.Ed. 407 (2012), in pertinent part:

> The majority [in **Miller** found] individualized consideration of mitigating circumstances—particularly youth—was constitutionally required before the imposition of . . . **the harshest sentence possible for a juvenile**. [T]he

---

[*] Former Justice specially assigned to the Superior Court.

mandatory nature of the life-without-parole sentences at issue precluded the sentencing court from considering important factors, such as chronological age, level of maturity, family and home environment, the circumstances of the offense, the extent of the juvenile's participation in the unlawful conduct, the impact of familial and peer pressures, the juvenile's ability to negotiate with police or prosecutors, and **the possibility of rehabilitation**. . . .

However, the Supreme Court did not entirely foreclose the imposition of a life-without-parole sentence on a juvenile offender; rather, the majority stated that the occasion for **such a punishment would be "uncommon,"** and, in any event, must first "take into account how children are different, and how those differences counsel against **irrevocably** sentencing them to a lifetime in prison."

***Batts***, 620 Pa. at 123, 66 A.3d at 290-91 (emphases added) (citations omitted).

At resentencing, defense counsel vigorously argued for the possibility of parole, to permit a future parole board to examine how Appellant's "life has progressed." N.T., 9/20/13, at 6-7. Counsel reasoned that Appellant may not ever be paroled, but that "to close that door on him [now] is against what the [C]onstitution stands for based on" ***Miller***. ***Id.*** at 7.

The majority cogently summarizes the trial court's findings with respect to each of the ***Miller*** factors. However, I depart from its analysis with respect to the finding as to whether Appellant may be amenable to rehabilitation. In its opinion, the trial court summarized Appellant's past contacts with the juvenile system and concluded Appellant "possesses **a limited, if any, capacity for change**." Trial Ct. Op., 11/27/13, at 5

(emphasis added). Although this statement must be considered in context of the trial court's lengthy discussion, I believe its equivocality does not support an irrevocable sentence that prohibits a parole board from ever reviewing Appellant's case. I emphasize *Miller*'s caution that life imprisonment without parole is "the harshest sentence possible for a juvenile" and should be an "uncommon" punishment. *Batts*, 620 Pa. at 123, 66 A.3d at 290-91. Accordingly, I would remand for the trial court to reconsider the possibility of Appellant's rehabilitation. *See id.*